In the Matter of SYLVESTER J. LEARY, Appellant, against PAUL L. ROSS et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents

First Department, November 29, 1948.

*Edward I. Byer* of counsel (*Ebben Schramm,* attorney), for appellant.

*Max M. Bernstein* of counsel (*William L. Messing* and *Alfred Weinstein* with him on the brief; *Nathan W. Math,* attorney), for respondents.

*Per Curiam.* While the Temporary City Housing Rent Commission has appropriately adopted the policy that a landlord may not evict a tenant in order to occupy an apartment for commercial or business purposes, it does not follow that there may not be a relation between a person's business and housing needs which entitles business or professional requirements to consideration in determining the necessity for housing accommodations in New York City.

As the commission observes in its brief on this appeal, the question of " good faith " and of " compelling necessity " is always one of fact. We think that the facts in this case could hardly be determined without a hearing. The tenant responded to the petitioner's application for a certificate of eviction with an unsworn statement in a letter that petitioner had told her that he lived in Greenwich, had other houses, and only wished to live in the apartment a part of the year and sublet furnished a few months. This letter was not brought to petitioner's attention except in the commission's answering papers in this article 78 proceeding, and no hearing was held or other opportunity given to petitioner prior to the institution of this proceeding

to meet the statement of the tenant, which seems to be largely the basis of the decision of the commission in this matter. It now appears that petitioner has no houses other than the Greenwich residence, which he contends is rather remote, and petitioner vigorously challenges the suggestion that he intends to sublet the premises and asserts a compelling necessity for the apartment on the combined grounds of health and necessity for city living connected with his business.

Compelling necessity is relative to the individual case and all factors bearing upon the landlord's need for the premises should be carefully considered and weighed by the commission. The demand of an owner for his property is not to be lightly dismissed. Due regard is to be given his interests as well as the interests of the tenant. We think that petitioner was entitled to more consideration than he received from the commission in this case, particularly that he was entitled to be informed of the answer which the tenant made to his application and an opportunity to meet her statement and otherwise present proof at a hearing where the facts might be developed in some detail as to the location and use of the Greenwich house, petitioner's health and his needs and purposes with respect to the New York apartment.

The order appealed from should be modified to remit the matter to the Temporary City Housing Rent Commission for further proceedings in accordance with this opinion.

PECK, P. J., GLENNON, DORE, COHN and VAN VOORHIS, JJ., concur.

Order unanimously modified, with $20 costs and disbursements to the appellant to the extent of remitting the matter to the Temporary City Housing Rent Commission for further proceedings in accordance with opinion.