In the Matter of REVERE ASSOCIATES, INC., Respondent, against MAURICE FINKELSTEIN et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Appellants.

First Department, December 13, 1948.

*Seymour R. Thaler* of counsel (*Joseph Goldberg, Joseph Jay* and *Alfred Weinstein* with him on the brief; *Nathan W. Math,* attorney), for appellants.

*David I. Michaelson* for respondent.

 *Per Curiam.*  Petitioner is the owner and landlord of a multiple dwelling located at 841 West 177th Street in the City of New York.  Pursuant to Local Law No. 66 of the Local Laws of New York City for 1947 (Administrative Code, § U41-7.0), the landlord applied to the Temporary City Housing Rent Commission for a certificate to evict a tenant for violation of the terms of the rental agreement in subletting her apartment to a third party without the landlord's consent.  When the commission failed to act on the application for approximately six weeks, the landlord brought this proceeding for an order directing the issuance of a certificate.  Prior to the date of hearing on petitioner's motion, the commission denied the landlord's application for a certificate of eviction.  The proceeding was continued before the court and treated as one to review the action of the commission.

The Special Term granted an order annulling the action of the commission and directing the issuance of a certificate of eviction.

The commission has appealed from this determination and contends that the effect of the decision is to limit its function on an application for a certificate to a mere perfunctory inquiry as to whether a landlord is seeking to proceed on a ground coming within one of the exceptions to the moratorium on summary proceedings.  Without in any way intending to indicate our accord with this interpretation of the ruling at Special Term, we nevertheless agree that the law imposes more than a perfunctory duty on the commission in passing upon an application for a certificate of eviction (see *Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419, 425).

Whether the commission should invoke its power under the law to restrict the landlord in the exercise of his right to summary proceedings should be determined only after an appropriate hearing.  In the conduct of such hearing a proper record should be prepared to enable the court to review the determination of the commission, if it should be challenged as arbitrary or unreasonable.  This presupposes that the commission will take and weigh the evidence, and that the landlord will be informed of the proof presented by the tenant and given an opportunity to object to its reception or controvert the same.

The present record fails to disclose that any adequate hearing was had before the commission.  Apparently, what occurred in the instant case was that the commission upon receiving the written application of the landlord communicated with the tenant and accepted from her by way of answer a letter signed by

her sister and verified under oath. It does not appear that the landlord was informed of the contents of the tenant's answer, nor given an opportunity to question the knowledge or information of her sister on the subject or controvert other statements made on behalf of the tenant. A date was set for a hearing, and the commission's answer in this proceeding states that such hearing was held. This, however, the landlord denies. It would seem from the record that while some form of investigation was made, no proper hearing was conducted as that term is generally understood. There is a so-called " Report of Hearing " made by a hearing officer, which recommends that the landlord's application for a certificate be denied. This report merely sets forth the contentions of the parties. The record does not contain any appropriate findings by the commission upon the issues of fact presented to it (see *Matter of Tobkes* v. *O'Connell,* 272 App. Div. 240).

Under these circumstances we think that the matter should be remitted to the commission for the purpose of affording the parties a proper hearing and making appropriate findings (see *Matter of Leary* v. *Ross,* 274 App. Div. 420).

The order appealed from should be reversed, without costs, and the matter remitted to the commission for further proceedings in accordance with this opinion.

PECK, P. J., DORE, CALLAHAN and SHIENTAG, JJ., concur; VAN VOORHIS, J., concurs to the extent that the matter should be remitted to the Temporary City Housing Rent Commission for further proceedings.

Order reversed, without costs and the matter remitted to the commission for further proceedings in accordance with opinion.