Nicholas M. Pette, J.
Application for an order reviewing two orders of the respondent Commissioner of Housing which granted leave to the respondent housing company to institute proceedings for the eviction of the petitioners.
The respondent housing company is a limited dividend housing company which owns and operates a housing project in Queens Village under a co-operative plan of ownership, pursuant to the provisions of the Public Housing Law. In January, 1954, petitioner Norman Gottfried applied for a three and one-half room apartment in the project, executed a lease, and subscribed to the necessary shares of stock. "When the apart *950 ment became available to Mm, he did not occupy it himself but allowed his brother Murray and his parents to occupy it, without the consent of the housing company or the approval of the commissioner. Several months later, Murray moved out, leaving his parents in possession of the apartment.
In September, 1955, Murray applied for a four and one-half room apartment, executed a lease, and subscribed to the necessary shares of stock. When the apartment became available to him, in December, 1955, he did not occupy it himself but allowed his brother Norman to occupy it, without the consent of the housing company or the approval of the commissioner.
Petitioners claim that when the first apartment became available for Norman, his family agreed that Murray and his parents should occupy it, and that when Murray’s apartment became available, Norman would occupy it. While this arrangement may have seemed equitable and fair to them, it violated the terms of the lease which forbade subletting or assignment. Concededly, therefore, respondent commissioner’s determination cannot be said to be arbitrary.
Petitioners argue further, however, that the respondent housing company knew of the arrangement and that a Mr. Tuchman, representing the company, advised Norman that it was satisfactory, provided Murray accepted joint responsibility with Norman for the apartment. At the hearing, the company submitted an affidavit by Mr. Tuchman denying that he ever told any applicant for an apartment that he did not have to occupy the apartment personally.
Petitioners’ attorney states that when this affidavit was submitted, he was asked if he wanted Mr. Tuchman produced for cross examination; that he replied that he was surprised by the affidavit; that the hearing officer then said that if the affidavit were of sufficient importance, he would notify petitioners ’ attorney and allow him to cross-examine the affiant at a later date. Both counsel for the company and the hearing officer say that the company’s counsel offered to produce Mr. Tuchman if the commissioner would issue a subpoena to protect Mr. Tuchman in his present employment and that the hearing officer offered to adjourn the hearing for that purpose, but petitioners’ attorney declined the offer, saying that it would serve no useful purpose as Mr. Tuchman would merely reiterate the statements made in his affidavit.
Petitioners’ attorney now makes a point of the fact that no record of the hearing was kept. It appears, however, that no witnesses were sworn and no oral testimony taken. The commissioner’s decision is based on documentary proof, plus Mr. *951 Tuchman’s affidavit. Since the hearing officer has submitted Ms affidavit as to what took place at the hearing, which is corroborated by the company’s counsel and even petitioners’ attorney admits that he was asked if he wanted Mr. Tuchman produced for cross-examination, the record cannot be said to be inadequate. Matter of Revere Associates v. Finkelstein (274 App. Div. 440), cited by petitioners, merely holds that a party to an administrative proceeding should have an opportunity to see the evidence submitted to the administrative body in order to refute it, if possible. Such opportunity was accorded the petitioners by respondent’s hearing officer at the hearing.
In any event, no harm is done to the petitioners since they may litigate the question of the housing company’s consent or waiver in the eviction proceedings, the issuance of the respondent’s orders being merely a condition precedent to the institution of such proceedings (Matter of Carnavos v. Coster, 275 App. Div. 969).
The application is denied and the petition dismissed.
Submit order.