■ In the Matter of ROCHDALE MALL WINES & LIQUORS, INC., Petitioner, v. STATE LIQUOR AUTHORITY et al., Respondents.— In a proceeding under CPLR article 78 to annul the respondent Authority's determination canceling petitioner's liquor license, petition granted and determination annulled, without costs, and the Authority is directed to reinstate the license forthwith. Petitioner's license was cancelled on the basis of the following three charges: (1) that petitioner had made a false statement in its application for license, (2) that the officers of petitioner were guilty of improper conduct within subdivision 14 of rule 36 of the Rules of the State Liquor Authority and (3) that the licensed premises were not located on a "public thoroughfare" within the meaning of subdivision 2 of section 105 of the Alcoholic Beverage Control Law. Petitioner's premises are located in the Rochdale Village Shopping Center, which is a fully enclosed mall shopping center. The individual stores in the Center can only be approached by going through one of three main doors of the enclosed "building". The "building" containing the subject premises is owned by a private corporation and the three doors to it are locked between the hours of 12 midnight and 6:00 A.M.

With respect to the third charge, the Authority contended that, since the building is enclosed, the mall of the shopping center is not a "public thoroughfare" within the meaning of subdivision 2 of section 105 of the Alcoholic Beverage Control Law. It has been held that a general policy on the part of the Authority to exclude liquor stores from every "modern" shopping center is "unreasonable and unsupportable" (*Matter of Swalbach* v. *State Liq. Auth.*, 7 N Y 2d 518). There being no general proscription against the licensing of liquor stores in "modern" shopping centers, in our opinion an enclosed shopping center which is open to the general public between the hours of 6:00 A.M. and midnight is not materially different from an unenclosed shopping center and should be reasonably construed to be a "public thoroughfare" within the meaning of the statute (see, *Matter of Alro Liqs.* v. *State Liq. Auth.*, Sup. Ct., Monroe County, June 19, 1967, O'Mara, J.). As to the first two charges, (1) that petitioner had made a false statement in its application for license and (2) that its officers were guilty of improper conduct within subdivision 14 of rule 36 of the Rules of the State Liquor Authority (9 NYCRR 53.1 [n]), we find that the determinations concerning them are not supported by substantial evidence on the record as a whole. The findings of the hearing officer, involving as they did primarily questions of credibility, were entitled to considerable weight (*Matter of Kelly* v. *Murphy*, 20 N Y 2d 205; *Matter of 54 Cafe & Rest.* v. *O'Connell*, 274 App. Div. 428, 430, affd. 298 N. Y. 883). But the Authority summarily reversed these findings and failed to make any new findings respecting these two charges. It was incumbent upon the Authority to make findings which are sufficient to inform a court, upon judicial review, of the basis of the findings (*Matter of Carroll* v. *Ryan*, 25 A D 2d 562, 563; *Matter of Moudis* v. *Macduff*, 286 App. Div. 485, 486). Viewing this record in its entirety, the Authority's determination was arbitrary and unreasonable. Christ, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.