Memorandum. The order of the Appellate Division should be reversed, without costs, and the matter remitted to the State Liquor Authority to make appropriate findings. Lacking findings of fact the determination may not stand
 
 (Matter of New York Water Serv. Corp.
 
 v.
 
 Water Power & Control Comm.,
 
 283 N. Y. 23; cf.
 
 Matter of Barry
 
 v.
 
 O'Connell,
 
 303 N. Y. 46, 51-52). In the circumstances of this case—where the principal witness was of low credibility and gave contested and contradictory evidence, termed incredible by the hearing officer — it is crucial whether the authority .relied on any material part of his testimony. Without that testimony there was no substantial evidence to sustain the determination, the State Trooper’s testimony not covering all elements of the violation. Consequently, in the absence of findings the court cannot say that the authority relied on substantial evidence.
 

 Chief Judge Fuld and Judges Burke, Breitel and Jasen concur in a memorandum; Judges Scileppi and Bergan dissent and vote to affirm in the following memorandum: The findings of the State Liquor Authority are sufficiently explicit and are supported by substantial evidence in the record. We ought not substitute our judgment for that of the authority in evaluating the testimony of any witness. This departure from the well-established rule is unwarranted and ill-advised. (See
 
 Matter of Stork Rest.
 
 v.
 
 Boland,
 
 282 N. Y. 256.) Judge Gibson taking no part.
 

 Order reversed, without costs, and matter remitted to Special Term with directions to remit matter to State Liquor Authority for further proceedings in accordance with the memorandum herein.