In the Matter of FASHION INSTITUTE OF TECHNOLOGY, Petitioner, v. ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, et al., Respondents.— Order of the respondent, Public Employment Relations Board, dated April 28, 1972, which determined that the Fashion Institute of Technology (F. I. T.) had violated the Civil Service Law and directed that the complainant be offered reinstatement and compensation for wages lost and further directed that F. I. T. cease and desist from any further discriminatory acts, unanimously annulled, on the law, and the charges dismissed without costs or disbursements. A complaint was filed by a lecturer in the F. I. T. evening courses who claimed she was being discharged because of her activities in organizing a union for the evening session teachers. The day session had already been so organized. The lecturer taught various courses in fashion illustration and life drawing. The complaint was based on subdivision 1 of section 209-a of the Civil Service Law, which provides in pertinent part that: "It shall be an improper practice for a public employer or its agents deliberately * * * (c) to discriminate against any employee for the purpose of encouraging or discouraging membership in, or participation in the activities of, any employee organization". The hearing officer credited the testimony of four F. I. T. professors, one of whom was the department chairman and the other three being senior members of the department. They testified that the school was upgrading the quality of the evening session classes and that the teaching performance of the fired lecturer was below standard. This decision was reached by professors who were not aware of the lecturer's union activities. Testimony also revealed that the day session "Fashion Illustration Department" was recognized as the best in the field, but that the evening division did not share such reputation. There was also testimony offered on behalf of the lecturer to the contrary; that is, that her teaching methods were good, and that the firing was a result of her union activities. The hearing officer determined that there was no violation of the Civil Service Law. Nonetheless, the Public Employment Relations Board, in reviewing his determination, found by a 2-1 vote that the firing was designed to frustrate union activity. The determination of the hearing officer rested on a weighing of the credibility of the testimony adduced. In such a case, the findings of the hearing officer as trier of the fact should be given the greatest weight (*Matter of Kelly* v. *Murphy*,

20 N Y 2d 205, 209–210; *Matter of 54 Cafe & Rest.* v. *O'Connell,* 274 App. Div. 428, 430, affd. 298 N. Y. 883); cf. *Amend* v. *Hurley,* 293 N. Y. 587, 594; *Kelly* v. *Watson Elevator Co.,* 309 N. Y. 49, 51). Concur — Markewich, J. P., Nunez, Tilzer and Lane, JJ.