Cooke, J.
Petitioner Carlisle Simpson, a permanent employee of the Department of Mental Hygiene serving as a ward aide at Letchworth Village,[1] was charged with miscon *393 duct in allegedly having engaged in sexual intercourse on two occasions with a resident at said school for the mentally retarded.
Respondent, the Director of Letchworth, designated Barbara Barish, the Personnel Officer of the Manhattan State Hospital, to act as hearing officer. Following the hearing, Ms. Barish made certain findings, concluded that petitioner was innocent of the charge, and recommended reinstatement. Respondent however rendered a determination that petitioner was guilty as charged and imposed the penalty of termination of services. In due time, Simpson instituted this article 78 proceeding which Special Term dismissed on the ground that respondent’s decision was supported by substantial evidence. The majority of the Appellate Division, finding that respondent relied on matters not appearing in the record, reversed on the law, remanded the proceeding to respondent for a new determination based upon matters in the record, and granted leave to petitioner to appeal to the Court of Appeals on the certified question: "Was the order of this court, dated July 22, 1974, properly made?”
As Director of Letchworth, respondent was empowered to remove, in accordance with law and the applicable rules of the State Civil Service Commission such officers and employees of the facility as necessary for its efficient administration (Mental Hygiene Law, § 7.17). Respondent, recognizing petitioner’s right to a hearing, included in a letter to petitioner, giving notification of the charge and specifications being preferred, a statement that: "You are entitled to a hearing on the above charges.” The missive also advised petitioner of his right to elect a supplemental disciplinary procedure, under a contract between the State and the Civil Service Employees Association, but informed him that, if said procedure were selected, petitioner would waive his right of appeal pursuant to section 76 of the Civil Service Law.[2] Section 76 deals with appeals by an officer or employee believing himself or herself to be aggrieved by a penalty or punishment imposed pursuant to section 75 of said law, and section 75 provides that persons described therein shall not be removed or otherwise subjected to disciplinary penalty except for incompetency or misconduct shown after a hearing upon stated charges. The hearing could *394 have been conducted by the director or by a deputy or other person designated by the director in writing for such purpose (Civil Service Law, § 75, subd 2). Although it was not necessary that the director personally conduct the hearing, it was essential that any determination as to misconduct and penalty be made by the director, as that function may not be delegated (Matter of Weekes v O’Connell, 304 NY 259, 265; Matter of Elite Dairy Prods. v Ten Eyck, 271 NY 488, 497).
A hearing officer’s report is entitled to weight, at times variously stated to be "much”, "considerable” or the "greatest”, in determining the existence of substantial evidence, particularly to the extent that material facts in a given case may depend on resolving the credibility of witnesses as shown by their demeanor or conduct at the hearing. Nevertheless, the findings of the hearing officer are not conclusive and may be overruled by the official upon whom has been imposed the power to remove or mete out the discipline, provided, of course, that the latter’s action is supported by substantial evidence (Matter of Kelly v Murphy, 20 NY2d 205, 209-210; see Matter of Fashion Inst. of Technology v Helsby, 44 AD2d 550; Matter of Rochdale Mall Wines & Liqs. v State Liq. Auth., 29 AD2d 647, affd 27 NY2d 995; Matter of 54 Cafe & Rest. v O’Connell, 274 App Div 428, 430, affd 298 NY 883; 1 NY Jur. Administrative Law, § 134; 18 ALR2d 606, 608; see, also, Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, 34 NY2d 222, 230). In Rochdale, the Appellate Division noted, as to certain charges, that the findings of the hearing officer, involving primarily questions of credibility, were entitled to considerable weight and, having been summarily reversed by the State Liquor Authority without the making of new findings, it was incumbent upon the Authority to make, findings sufficient to inform a court, upon judicial review, of the basis thereof.
Matter of Gitlin v Hostetter (27 NY2d 934), relied on by petitioner is not to the contrary nor does it support petitioner’s contention that, in order to sustain respondent’s determination, the record must contain substantial evidence other than the testimony of the Letchworth resident with whom petitioner is alleged to have had relations. In Gitlin, the majority, in view of the lack of findings of fact, remitted the matter to the State Liquor Authority to make appropriate findings. It was observed, in the circumstances of that case, that the principal witness (Marlow) was of low credibility, that *395 he gave testimony termed incredible by the hearing officer, that it was crucial whether the Authority relied on any material part of his testimony, that without that testimony there was no substantial evidence to sustain the determination, and that, consequently, in the absence of findings the court could not say that the Authority relied on substantial evidence. Obviously, the court felt that the Authority should point out the part or parts, if any, of the principal witness’ proof upon which there was reliance, so that there could be adequate review. It did not hold that there could be no reliance upon that proof, merely because the hearing officer had found it incredible, for if there had been such a holding and if the Authority could not overrule any part of the report of the hearing officer, there would have been no purpose in remittal, the court having found no substantial evidence aside from that proof. Significantly, upon remand the Authority reviewed the testimony of Marlow, crediting a portion of it, reexamined other testimony and made a determination sustaining a charge of violating subdivision 3 of section 106 of the Alcoholic Beverage Control Law. Upon reaching the Court of Appeals a second time (30 NY2d 909), the determination of the Authority was upheld on the ground that "there was substantial evidence to sustain the findings of fact made by it” (p 911).
While generally all relevant material and reliable evidence which will contribute to an informed result should be admissible in disciplinary proceedings, for there is a public interest in ascertaining the truth of charges brought against public employees, no essential element of a fair trial can be dispensed with, unless waived, without rendering the administrative determination subject to annulment upon review (Matter of Sowa v Looney, 23 NY2d 329, 333; People ex rel. Hirschberg v Board of Supervisors, 251 NY 156, 161; Matter of Greenebaum v Bingham, 201 NY 343, 347). True, the hearing conducted by the administrative official acting in a judicial or quasi-judicial capacity may be more or less informal and even technical legal rules of evidence and procedure may be disregarded (cf. Matter of Brown v Ristich, 36 NY2d 183), but included in the fundamental requirement of a fair trial, absent the waiver, is the entitlement of the party whose rights are being determined to be fully apprised of the proof to be considered, with the concomitant opportunity to cross-examine witnesses, inspect documents and offer evidence in rebuttal or explanation *396 (Matter of Hecht v Monaghan, 307 NY 461, 470; Matter of Friedel v Board of Regents of Univ. of State of N. Y., 296 NY 347, 352; Matter of Heaney v McGoldrick, 286 NY 38, 45).
Respondent, in rendering an account of his decision in this disciplinary matter, affirmed in a statement that: "As Director it is my duty to consider every aspect of such a case even if it does not appear in a hearing transcript. I have continually been supported by our Board of Visitors and parent associations in my attempt to eliminate resident abuse.” The majority at the Appellate Division was correct, therefore, in finding that respondent acknowledged his reliance on matters not appearing in the record in making the determination under scrutiny. This was in violation of the salutary general proposition, to which there is no relevant exception here, that it is not proper for an administrative agency to base a decision of an adjudicatory nature, where there is a right to a hearing, upon evidence or information outside the record (Matter of Newbrand v City of Yonkers, 285 NY 164, 179; Matter of New York Water Serv. Corp. v Water Power & Control Comm., 283 NY 23, 31-32; Matter of Greenebaum v Bingham, supra, pp 347-348; Matter of Wignall v Fletcher, 278 App Div 28, affd 303 NY 435; Matter of Revere Assoc. v Finkelstein, 274 App Div 440; Matter of Smith v Rosoff Tunnel, 259 App Div 617, 619-620; 1 NY Jur, Administrative Law, § 133; see 18 ALR 2d 552, 555).
The Appellate Division has remanded this matter to respondent for a new determination based solely upon matters in the record. It is important, in this instance, that findings of fact be made in a manner such that the parties may be assured that the decision is based on evidence of record, uninfluenced by extralegal considerations, findings of fact in some form being essential so as to permit intelligent challenge by a party aggrieved and adequate judicial review following the determination (Matter of New York Water Serv. Corp. v Water Power & Control Comm., 283 NY 23, 30, supra; see, also, Matter of Barry v O’Connell, 303 NY 46, 51; Matter of Perpente v Moss, 293 NY 325, 329; Matter of Collins v Behan, 285 NY 187; Matter of Elite Dairy Prods. v Ten Eyck, 271 NY 488, 498, supra; Matter of Rochdale Mall Wines & Liqs. v State Liq. Auth., 29 AD2d 647, 648, affd 27 NY2d 995, supra).
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
*397 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed, etc.

. This facility is now known as Letchworth Village Developmental Center (Mental Hygiene Law, § 7.15, subd b; see L 1974, ch 558, § 7, eff May 23, 1974).

. It is obvious from the record, particularly from the affidavit of an Assistant Attorney-General, that petitioner did not elect to invoke the supplemental disciplinary procedure.