■ NASSAU CHAPTER, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Petitioner, v ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Public Employment Relations Board (PERB), dated September 26, 1975, which, after a hearing, dismissed an improper employer practice charge filed by petitioner against the respondent County of Nassau. Determination annulled, on the law, with one bill of $50 costs and disbursements payable jointly by respondents, improper employer practice charge sustained, and matter remitted to the PERB for entry of an appropriate order directing the County of Nassau to negotiate, in good faith, the subject rule and policy unilaterally promulgated by it in November, 1972. The County of Nassau (a public employer) and petitioner (an "employee organization" as defined in the Taylor Law [Civil Service Law, art 14]) entered into a collective bargaining agreement for the period of January 1, 1973 to December 31, 1974, covering the terms and conditions of employment of auto mechanics employed by the Nassau County Police Department. There was no provision in the agreement pertaining to the furnishing of hand tools by the county to the auto mechanics. That topic had never been a subject of negotiations between the parties. Prior to November, 1972 it had been the county's practice to provide, without charge, all hand tools to all such auto mechanics employed by the police department. At the hearing conducted before the PERB, testimony was adduced that, if a mechanic had to go out and

purchase the tools, it would cost him $900 to $1,500, and that the annual replacement cost would be $150 to $200. In November, 1972 the county unilaterally established a new policy requiring all employees thereafter hired to furnish their own hand tools, as a condition of their being hired, and to sign a waiver agreement to that effect. Accordingly, all auto mechanics hired after the institution of the new policy have been required to furnish their own hand tools. In November, 1973 the petitioner filed an improper employer practice charge with the PERB. Petitioner contended that, in unilaterally promulgating the new rule, the county violated section 209-a (subd 1, pars [a], [b]) of the Civil Service Law. The hearing officer stated: "I would have found merit in the charge were it 'timely'. Rather than a precondition of or qualification for employment, the furnishing of hand tools is clearly a term and condition of employment which the County could not unilaterally change." By a 2 to 1 vote, the PERB dismissed petitioner's charge. The PERB reasoned that the new rule applied only to prospective employees, that it was a qualification to be met for employment and that it was not a term and condition of employment which was subject to mandatory negotiation. We disagree with the hearing officer's conclusion that the petitioner's charge was untimely, but agree with his assessment as to the substantive merits of the charge. It is our conclusion that, on the special facts of this case, the charge was timely, that it was sustained and that the dismissal of the charge by the PERB, and its rationale for so doing, were arbitrary, capricious and unreasonable, as a matter of law. Martuscello, Acting P. J., Latham, Damiani and Titone, JJ., concur; Margett, J., concurs in the result.