Memorandum. The judgments of the Appellate Division are modified and the matters are remitted to the State Tax Commission for further proceedings.
The determination of the State Tax Commission, acting in a quasi-judicial capacity, to require separate returns was based on the exercise of a discretion vested only in the commission which, through promulgated regulations, has established standards by which that discretion should be exercised (20 NYCRR 5.28 [b]). "[A] reviewing court, in dealing with a determination * * * which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis” (Securities Comm. v Chenery Corp., 332 US 194, 196; cited with approval Matter of Barry v *914 O’Connell, 303 NY 46, 50-51). Review is limited to a consideration of the statement of the factual basis for the determination and whether, in light of the agency’s own standards, the findings, supported by substantial evidence, sustained the conclusions. A court cannot surmise or speculate as to how or why an agency reached a particular conclusion. Failure of the agency to set forth an adequate statement of the factual basis for the determination forecloses the possibility of fair judicial review and deprives the petitioner of his statutory right to such review (Matter of Simpson v Wolansky, 38 NY2d 391, 396; Matter of Barry v O’Connell, supra).
The Tax Commission has appealed from judgments of the Appellate Division which annulled the determinations, but in the cases before us has failed to present sufficient findings of fact, or indeed any findings, upon which review could be predicated. The commission proffered as a conclusion, in both cases, that "[i]t is the policy of the Tax Commission not to permit or require a combined return where taxation on an individual basis produces a more proper result.” No reference was made to the agency’s own regulations, nor were findings of fact posited which demonstrated the basis for its conclusion; and, indeed, no relationship between findings of fact and the conclusory statements were presented. Under these circumstances the Tax Commission failed to provide statements of decision sufficient for review, and its determinations must be annulled. However, in so doing, the judgments of the Appellate Division are modified by remitting the matters to the Tax Commission with instructions to make findings of fact in support of whatever decision it may deem proper, based on the evidence previously presented (see Matter of New York Water Serv. Corp. v Water Power & Control Comm., 283 NY 23; 24 Carmody-Wait 2d, NY Prac, § 145:365).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
In each case: Judgment modified, with costs to petitioners, and the matter remitted to Supreme Court, Albany County, with directions to remand to the State Tax Commission for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.