■ In the Matter of JOHN WOOD, Petitioner, v LAWRENCE RICE et al., Constituting the Board of Education of the Maine-Endwell Central School District, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of the Board of Education of the Maine-Endwell Central School District which dismissed petitioner from his employment as a bus driver. Following a hearing conducted pursuant to section 75 of the Civil Service Law to consider 10 allegations of misconduct lodged against petitioner, a school bus driver, the hearing officer found him guilty of one specification, dismissed the remaining charges, and recommended that a 45-day suspension without pay be imposed. However, upon review, the respondent board of education disagreed with the hearing officer's report. It found petitioner guilty of nine specifications and ordered his dismissal from employment. Petitioner then commenced the instant CPLR article 78 proceeding which was thereafter transferred to this court for disposition. Although respondent was obliged to consider the hearing officer's findings, it was plainly entitled to overrule them in arriving at the ultimate determination if such action was grounded on substantial evidence and occurred in a proper manner (see *Matter of Simpson v Wolansky,* 38 NY2d 391). The record discloses that there was a sharp conflict in the testimony, with petitioner and his superiors expressing divergent views on

the events giving rise to this disciplinary proceeding. Respondent noted several portions of the hearing transcript on which it relied in adjudging petitioner guilty of most specifications and, while another body might have arrived at different results based on the same proof, we are unable to say that its decision rests on less than substantial evidence. Nor do we find any merit in petitioner's contention, apparently raised for the first time before this court, that respondent entertained matters outside the record· in formulating its determination. No specific impropriety in this regard is alleged in the petition, and the mere fact that certain individuals, in addition to board members, may have been in attendance when the hearing officer's report was discussed is not enough to upset its action. Some of these individuals testified at the hearing, but there is no reason to believe that they supplied respondent with any information or opinion at the time the charges against petitioner were reviewed (cf. *Matter of Simpson v Wolansky*, 38 NY2d 391, *supra*). Lastly, petitioner's demonstrated refusal to co-operate with his superiors over an extended period of time satisfies us that his dismissal, although severe, is not a shockingly disproportionate penalty (cf. *Matter of Pell v Board of Educ.*, 34 NY2d 222). We have examined petitioner's remaining arguments and find them to be similarly without merit. Accordingly, his petition should be dismissed. Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.