■ In the Matter of JAMES FRANCIS, Petitioner, v WILLIAM WEST et al., Constituting the Village Board of the Village of Richfield Springs, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Otsego County) to annul a determination of the respondent village board which dismissed

petitioner from his position as village police officer. Pursuant to section 75 of the Civil Service Law and section 8-804 of the Village Law, charges of dereliction of duty, insubordination and disobedience were filed against petitioner, a patrolman employed by the Village of Richfield Springs, and following a hearing, the village board dismissed petitioner. Petitioner contends that he did not receive a fair hearing and that the board's determination is not supported by substantial evidence. An examination of the record compels us to reject petitioner's argument. The hearing officer was duly designated by the board pursuant to subdivision 2 of section 75 of the Civil Service Law and since he was not the party who filed the charges against petitioner, he was not disqualified by section 8-804 of the Village Law. There is nothing in the record to support petitioner's suggestion that the hearing officer was prejudiced or otherwise acted to deprive petitioner of a fair hearing. Since compliance with the technical rules of evidence was not required (Civil Service Law, § 75, subd 2), petitioner's claim that the board's determination must be annulled because some hearsay evidence was admitted at the hearing is meritless. Rather, the question is whether the board's determination is supported by substantial evidence, requiring us to determine whether "the proof is 'so substantial that from it an inference of the existence of the fact found may be drawn reasonably' " (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179). In our view, the record herein supports the board's determination. Finally, although some evidence outside the scope of the charges and specifications was admitted at the hearing, petitioner was given a posthearing opportunity to respond in writing or present further evidence or testimony. Thus, petitioner had the opportunity to prepare a defense and present evidence, which is what due process requires (see Matter of Simpson v Wolansky, 38 NY2d 391). In any event, as noted above, there is substantial evidence to support the board's finding that petitioner was derelict in his duty, insubordinate and disobedient with regard to the charges and specifications served on him prior to the hearing. Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.