■ In the Matter of STATE OF NEW YORK (GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS), Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents, and UNITED UNIVERSITY PROFESSIONS, INC., Intervenor. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to annul a determination of the Public Employment Relations Board dated September 17, 1981. The underlying dispute in this proceeding concerns a requirement that members of the English department faculty at the State University of New York, Morrisville, teach a minimum of 15 students contact (classroom) hours weekly commencing in September, 1980. United University Professions, Inc. (UUP), the SUNY faculty union, filed an improper practice charge against the university alleging a violation of section 209-a (subd 1, par [d]) of the Civil Service Law by unilaterally changing the minimum student contact hours without prior negotiations with the union. Upon appeal, respondent board reversed the decision of a hearing officer which dismissed the charges, holding that there was evidence of a prior oral agreement and a past directive fixing a maximum of 12 contact hours, and, further, that the number of student contact hours is a subject of mandatory negotiations at SUNY Morrisville, which the university unilaterally changed. The board ordered the university to cease and desist from unilaterally changing the terms and conditions of employment of members of the English department faculty at Morrisville. Petitioner, acting as agent for the State of New York in its capacity as public employer, commenced this proceeding seeking an order annulling and setting aside respondent's decision. By order entered December 11, 1981, UUP was granted leave to intervene. Our inquiry requires the imposition of two tests. First, we must ascertain whether PERB's determination was "affected by an error of law" or was "arbitrary and capricious or an abuse of discretion" (CPLR 7803, subd 3). "For, '[s]o long as * * * there is no breach of constitutional rights and protections, the courts have no power to substitute another interpretation' " (*Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398, 404, quoting *Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46, 50). Second, "[u]pon judicial review of a determination rendered by an administrative body after a hearing, the issue presented for the court's consideration is limited to whether that determination is supported by substantial evidence upon the entire record" (*Matter of Purdy v Kreisberg,* 47 NY2d 354, 358). From the record, it appears that respondent board made specific findings of fact differing from those found by the hearing officer. The board's finding was based on the testimony of Dr. Mockovak, the English department head who has been a faculty member for over 25 years. It is clear there was substantial and long-standing adherence to the limitation of contact hours from 1967 to 1980. Variations in teaching hours usually were voluntary and resulted in compensation either by reduction of other assigned duties or discretionary additional compensation. Doris Knudsen, president of the union local at Morrisville from 1971 to 1977, substantiated Mockovak's testimony. Petitioner relied chiefly upon testimony of Dr. Butcher, president of the college since 1978, who could find neither written documentation of the agreement, nor any statement of maximum student contact hours in documents relating to employment of teachers or rules or regulations of the college. Respondent followed its prior determination in the case of Hudson Valley Community College (12 PERB 3030 [1979]) in reaching its determination. Petitioner contends that the board erred by failing to adhere to the findings of the hearing officer who was in the best position to determine questions of witness credibility, citing *Matter of Fashion Inst. of Technology v Helsby* (44 AD2d 550) and *Matter of Kelly v*

*Murphy* (20 NY2d 205). These cases are inapposite in that the board here made no intrusion upon the hearing officer's assessments of witness credibility, holding only that there was no proof to refute the existence of the 1967 oral agreement and the long-standing adherence to the 12-contact-hour pattern established in pursuance thereof. Moreover, while generally the decision of a hearing officer which rests upon credibility should be given great weight and considered to be part of a record, it is still not conclusive and may be overruled by an administrative board, providing a board's determination is based upon substantial evidence (*Matter of Simpson v Wolansky*, 38 NY2d 391). Based upon this record, we find respondent's determination supported by substantial evidence (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176); not an abuse of discretion (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231); and neither arbitrary, capricious, nor affected by error of law (*Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.*, 48 NY2d 398, *supra*). It should not be disturbed. Petitioner argues that there was no "law, rule or regulation" specifying maximum work hours, the change of which was proscribed by the "Benefits Preserved" clause in the collective bargaining agreement. Further, petitioner contends that the union withdrawal of contract demands seeking State-wide limitation of teacher work hours at colleges and universities constitutes a waiver of its right to claim that such a limitation exists. Subdivision 1 of section 204 of the Civil Service Law requires a public employer to negotiate terms and conditions of employment with the organization representing its employees (*Board of Educ. v Associated Teachers of Huntington*, 30 NY2d 122, 127). Under subdivision 4 of section 201, the definition of " 'terms and conditions of employment' " includes salaries, wages, hours, agency shop fee deduction and other terms and conditions of employment. The number of hours of classroom instruction is included in the definition as "a term of employment", thus requiring a public employer to negotiate changes with its employees (*Matter of City School Dist. of City of Oswego v Helsby*, 42 AD2d 262, 264; see, also, *Nassau Ch., Civ. Serv. Employees Assn. v Helsby*, 54 AD2d 925). PERB is lodged with the power to resolve disputes arising out of negotiations and inherent in this delegation is the power to interpret and construe the statutory scheme. Here, PERB found the subject rule had been made and was established by long-standing practice and adherence; that hours of classroom work was a term and condition of employment; and that any change was a mandatory subject of negotiation. The interpretation of statutes made by an agency charged with the administration of such statutes, is to be accepted if not unreasonable (*Matter of West Irondequoit Teachers Assn. v Helsby*, 35 NY2d 46, 51, *supra*). The subject interpretation, not being affected by error of law nor being arbitrary, capricious, or an abuse of discretion, must be confirmed (CPLR 7803, subd 3). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.