■ In the Matter of BUFFALO POLICE BENEVOLENT ASSOCIATION, Petitioner, v HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board of the State of New York, Respondents, and CITY OF BUFFALO, Intervenor-Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the Public Employment Relations Board which dismissed two improper practice charges filed by petitioner against the intervenor-respondent. In January of 1982, petitioner Buffalo Police Benevolent Association (PBA) filed an improper practice charge with the Public

Employment Relations Board (PERB) against the intervenor-respondent City of Buffalo, alleging that it had violated section 209-a (subd 1, pars [a]-[c]) of the Civil Service Law by transferring police officer Robert Meegan, Jr., from Precinct 15 to Precinct 10 on December 21, 1981. The PBA charged that this transfer occurred because: (1) Officer Meegan brought a motion to expel Buffalo Police Commissioner Cunningham (commissioner) from membership in the PBA, which motion was carried by the PBA membership; (2) along with 25 other employees, Officer Meegan picketed a cocktail party honoring the Mayor of the City of Buffalo; and (3) Officer Meegan had letters to the editor he wrote, concerning contract negotiations, published in the *Buffalo Evening News*. Thereafter, in February, 1982, the PBA filed a second improper practice charge alleging that the City of Buffalo violated the same subsections of the Civil Service Law by transferring Police Officer Mark Sadlocha from Precinct 12 to Precinct 4 that same month. The PBA charged that this officer was transferred because he seconded Officer Meegan's motion to expel the commissioner from the PBA and picketed the City of Buffalo on a separate occasion. After conducting a hearing upon the two consolidated charges, the hearing officer rendered a decision dismissing the charges. In particular, the hearing officer concluded that the police officers' roles in the expulsion of the commissioner from the PBA was not a protected activity. Regarding the other incidents involving the police officers, the hearing officer found insufficient evidence to relate their activities to their transfers. Upon appeal, while affirming in all other respects, PERB overruled the hearing officer's conclusion that the police officers' role in the expulsion of the commissioner from the PBA was not a protected activity. Accordingly, PERB addressed the factual issue, not considered by the hearing officer, of whether the police officers were transferred because of their role in expelling the commissioner from membership in the PBA. PERB determined that the record failed to support the PBA's allegations. The charges were, therefore, dismissed and this transferred CPLR article 78 proceeding ensued. Petitioner's primary contention is that PERB's determination is not supported by substantial evidence. A review of the record, however, fails to support this contention. At most, the hearing testimony presented questions of credibility. In this regard, contrary to petitioner's remaining contention, this court will not interfere with PERB's assessment of credibility where, as here, its determination is based on substantial evidence (*Matter of State of New York [Governor's Off. of Employee Relations] v New York State Public Employment Relations Bd.*, 91 AD2d 718; see, also, *Matter of Di Maria v Ross,* 52 NY2d 771). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.