■ In the Matter of RICHARD STEVENS, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent.—Determination unanimously annulled on the law with costs and petition granted. Memorandum: In this proceeding transferred pursuant to CPLR 7804 (g), petitioner seeks to annul a determination of the Commissioner of Health which found that he was guilty of patient abuse and imposed a fine. Petitioner was charged with patient abuse for allegedly placing his foot on the neck of a Down's Syndrome patient on one occasion and for making that patient stand in the hallway until she told petitioner where she had placed an inner cannula tube. Following a hearing, the Administrative Law Judge (ALJ) issued a comprehensive decision recommending dismissal of the charges. As to the first charge, the ALJ resolved the questions of credibility in petitioner's favor and held that petitioner had placed himself behind the patient to prevent her from throwing herself back and striking her head on the floor during a temper tantrum. As to the second charge, the ALJ found that, although making the patient stand in the hall was not acceptable, it did not constitute patient abuse as it is defined in the Commissioner's regulations because there was no "inappropriate physical contact" between petitioner and the patient. The Commissioner ac-

cepted most of the ALJ's findings of fact, but concluded that petitioner had committed patient abuse.

Judicial review of an agency's determination is limited to the consideration of whether there is substantial evidence on the whole record to support it *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181). An administrative official is not bound by the Hearing Officer's assessment of credibility and is free to make his own, provided that determination is supported by substantial evidence *(see, Matter of Wiggins v Board of Educ.,* 60 NY2d 385, 388; *Matter of Simpson v Wolansky,* 38 NY2d 391, 394). However, the credibility determinations made by a Hearing Officer are entitled to considerable weight and "are significant in determining whether substantial evidence exists to support the charges" *(Matter of Henry v Wilson,* 85 AD2d 885; *see also, Matter of Kelly v Murphy,* 20 NY2d 205, 210; *Matter of Miller v Axelrod,* 147 AD2d 969). Moreover, when the administrative official summarily rejects the Hearing Officer's determinations of credibility, but fails to make new findings sufficient for judicial review, the determination is arbitrary and capricious *(Matter of Rochdale Mall Wines & Liqs. v State Liq. Auth.,* 29 AD2d 647, 648, *affd* 27 NY2d 995).

Accordingly, on the first charge, we find the Commissioner's summary rejection of the ALJ's credibility determination and failure to make new findings to be arbitrary and capricious. The determination of the Commissioner on the second charge is not supported by substantial evidence. Patient abuse requires "[i]nappropriate physical contact" between the staff member and the patient, which harms or threatens to harm the patient (10 NYCRR 81.1 [a]). Here, the ALJ concluded, and the Commissioner did not disturb that conclusion, that no force was used to place the patient in the hallway. Consequently, respondent failed to prove that petitioner engaged in any "inappropriate physical contact" with the patient. (Article 78 proceeding transferred by order of Supreme Court, Onondaga County, Miller, J.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.