■ In the Matter of CONCERNED CITIZENS OF ALLEGANY COUNTY et al., Petitioners, v MICHAEL D. ZAGATA, as Commissioner of New York State Department of Environmental Conservation, et al., Respondents. [647 NYS2d 614] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioners, concerned citizen groups and local governmental bodies who oppose the proposed construction in their communities of a landfill that would accept only ash, commenced this CPLR article 78 proceeding seeking to annul a

determination of the Commissioner of the New York State Department of Environmental Conservation (DEC) directing the issuance of a permit for construction of the landfill. They contend that the determination is not supported by substantial evidence. We disagree (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181-182).

There is no merit to the further contention that the determination is arbitrary and capricious because, in reversing the conclusion of the Administrative Law Judge (ALJ), the Commissioner failed to make his own detailed findings of fact. When his determination conflicts with the recommended decision of the Hearing Officer, the Commissioner must "set forth in writing the reasons why [he] reached a conflicting decision" (9 NYCRR 4.131 [II] [F]). Here, the Commissioner stated the reasons why he reached a conflicting decision in sufficient detail to permit judicial review (*cf., Matter of Stevens v Axelrod*, 162 AD2d 1025, 1026). Moreover, the Commissioner adopted the ALJ's findings of fact; he disagreed with the ALJ on various conclusions involving methodology, the nature of the proof required and the applicable standard of review.

Petitioners further contend that the Commissioner erred in applying the 1988 version of 6 NYCRR part 360, rather than the 1993 version, because the applicant was required to provide additional information during hearings conducted after the effective date of the 1993 version. The DEC determined that the subject application was complete on March 19, 1991, more than two years prior to the effective date of the 1993 version. The 1993 amendment provides that the prior version shall apply to issues concerning the sufficiency of permit applications that were complete on or before the effective date of the amendment (6 NYCRR 360-1.7 [a] [3] [vi]). The regulation pertaining to a "complete application" (6 NYCRR 360-1.7 [a] [3] [vi]; *see also*, ECL 70-0105 [2]) contemplates that an applicant may be required to supplement his application or submit additional information during the hearing process without the necessity of submitting a new application (*see, Matter of Atlantic Cement Co. v Williams*, 129 AD2d 84, 90-91). Thus, the requirement that the applicant provide additional information did not affect the status of its application as complete. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Joslin, J.) Present—Green, J. P., Lawton, Doerr, Balio and Boehm, JJ.