◼ In the Matter of Louis J. Perfetto, Jr., Petitioner, v Erie County Water Authority, Respondent. [748 NYS2d 96] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Erie County (Sedita, Jr., J.), entered March 6, 2002, seeking to annul a determination of respondent.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law with costs and the amended petition is granted in part in accordance with the following Memorandum: In this proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner seeks to annul the determination finding him guilty of three acts of misconduct and imposing a penalty of 30 days' suspension without pay. Petitioner was charged with those acts of misconduct in May

and June 2001 based on his absence from work on November 1, 2000 and his failure to provide proper documentation for that absence, and his alleged misuse of sick time on March 27, 2001. Following a hearing on the charges, the Hearing Officer concluded that the first two charges were precluded by a settlement agreement concerning other matters that was entered into by the parties on December 12, 2000. That agreement provided that "any future disciplinary action which may be brought by the [respondent] against [petitioner] shall be exclusively based on future conduct, which may occur subsequent to the date of this Settlement Agreement." The Hearing Officer further concluded with respect to the merits of those two charges that petitioner had provided respondent with proper documentation establishing that his absence was for the purpose of testifying before the grand jury and that petitioner had no control over that documentation after giving it to respondent. With respect to the third charge, the Hearing Officer concluded that the conduct of petitioner in leaving his house in order to have a form notarized and mailed did not "belie [his] claim that he was sick [during] the morning" of March 27, 2001. Respondent rejected the findings and recommendation of the Hearing Officer, stating in a brief letter that there was "substantial evidence" that petitioner committed misconduct because petitioner's testimony was "disproved by independent sources." No findings of fact were made by respondent.

To the extent that the Hearing Officer based his conclusion with respect to the first two charges on the binding effect of the settlement agreement, a legal issue, respondent's determination was affected by an error of law (see CPLR 7803 [3]). We further agree with petitioner that respondent's determination is arbitrary and capricious to the extent that respondent has failed to set forth findings of fact supporting its rejection of the Hearing Officer's findings and recommendation. "Due process considerations mandate that findings of fact be made in a manner wherein the parties are assured that the decision is based on evidence in the record, uninfluenced by extralegal considerations, and that both an intelligent challenge by a party aggrieved by the determination and an adequate judicial review are possible" (*Matter of Goohya v Walsh-Tozer*, 292 AD2d 384, 384-385; *see Simpson v Wolansky*, 38 NY2d 391, 396). Where, as here, the administrative agency or official "rejects the Hearing Officer's determinations of credibility, but fails to make new findings sufficient for judicial review, the determination is arbitrary and capricious" (*Matter of Stevens v Axelrod*, 162 AD2d 1025, 1026; *see Matter of Rochdale Mall Wines & Liqs. v*

*State Liq. Auth.*, 29 AD2d 647, 648, *affd* 27 NY2d 995; *see also Simpson*, 38 NY2d at 394). We therefore annul the determination and grant the amended petition in part by reinstating petitioner to his former position, awarding him lost wages and benefits and directing that all references to the determination be expunged from petitioner's personnel record and file. Present—Pine, J.P., Wisner, Hurlbutt, Scudder and Burns, JJ.