Matter of AGA Operating LLC v Zucker (2023 NY Slip Op 04068)

Matter of AGA Operating LLC v Zucker

2023 NY Slip Op 04068

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

566 TP 22-01354

[*1]IN THE MATTER OF AGA OPERATING LLC, AS OPERATOR OF THE BROOK AT HIGH FALLS NURSING HOME AND REHABILITATION CENTER, PETITIONER,
v
HOWARD A. ZUCKER, M.D., J.D., AND MARY T. BASSETT, M.D., M.P.H., RESPONDENTS. 

THE LICHTMAN LAW FIRM, POUND RIDGE (AARON C. LICHTMAN OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENTS.

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order and judgment [one paper] of the Supreme Court, Monroe County [Gail Donofrio, J.], entered June 9, 2022) to review a determination of respondents. The determination found that petitioner was in violation of Executive Order No. 202.18 and imposed a penalty. 
It is hereby ORDERED that the determination is unanimously annulled on the law without costs and the petition is granted.
Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner seeks to annul a determination sustaining a charge that petitioner violated Executive Order (A. Cuomo) No. 202.18 (9 NYCRR 8.202.18) and imposing a $14,000 penalty pursuant to Executive Order (A. Cuomo) No. 202.19 (9 NYCRR 8.202.19). The Administrative Law Judge (ALJ) recommended that the charge be dismissed because the New York State Department of Health (Department) had failed to meet its burden of establishing that petitioner violated Executive Order No. 202.18. Respondent Howard A. Zucker, M.D., J.D. (Commissioner) rejected the report and recommendation of the ALJ "for the reasons stated in the Department's Exceptions," without issuing any new findings of fact. We agree with petitioner that the Commissioner's determination should be annulled.
"[W]hen [an] administrative official summarily rejects the [ALJ's] determinations of credibility, but fails to make new findings sufficient for judicial review , the determination is arbitrary and capricious" (Matter of Stevens v Axelrod , 162 AD2d 1025, 1026 [4th Dept 1990] [emphasis added]; see Matter of Perfetto v Erie County Water Auth ., 298 AD2d 932, 933-934 [4th Dept 2002]; see generally Matter of Rochdale Mall Wines & Liqs. v State Liq. Auth ., 29 AD2d 647, 648 [2d Dept 1968], affd 27 NY2d 995 [1970]). Indeed, "findings of fact in some form [are] essential so as to permit intelligent challenge by a party aggrieved and adequate judicial review following the determination" (Matter of Simpson v Wolansky , 38 NY2d 391, 396 [1975]).
Here, as petitioner correctly contends, the Commissioner's adoption of the reasons set forth in the Department's Exceptions does not constitute an adequate explanation for the departure from the ALJ's report and recommendation. In its Exceptions, the Department asserted that all of the alleged violations were established and that the evidence at the hearing supported the imposition of a $66,000 penalty. The Commissioner, however, imposed a penalty of only $14,000 without any explanation regarding how that figure was derived or which alleged [*2]violations were sustained. Because we do not know which alleged violations the Commissioner implicitly sustained and which ones he implicitly dismissed, we are unable to review intelligently the Commissioner's determination. We therefore annul the determination and grant the petition (see Perfetto , 298 AD2d at 933; Stevens , 162 AD2d at 1026; Rochdale Mall Wines & Liqs. , 29 AD2d at 648).
Based on our determination, we do not address petitioner's remaining contentions.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court