■ In the Matter of VELL AVERY, Petitioner, v EMANUEL RECHTER, as Director, Wilton Developmental Center, Department of Mental Hygiene of the State of New York Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination by the Director of the Wilton Developmental Center who found petitioner guilty of three charges and as a penalty demoted petitioner in title and grade. Petitioner, while serving in a permanent appointment as Associate Personnel Administrator of the Wilton Developmental Center, a facility of the Department of Mental Hygiene, was found guilty of five specifications of charges of misconduct and incompetence following a hearing held pursuant to section 75 of the Civil Service Law. Respondent adopted the hearing officer's findings as to guilt and also adopted as a penalty the hearing officer's recommendations that petitioner be demoted from his present position in Grade 23 to Senior Personnel Administrator, Grade 18, or any other suitable position at the same level. In this proceeding petitioner contends that respondent's findings as to guilt were not based on substantial evidence, and that he was deprived of a fair hearing and reduced in grade without due process. On the issue of whether petitioner was deprived of a fair hearing we find no merit to the argument that the hearing was not conducted by an impartial hearing officer since he was a deputy director of another facility within the Department of Mental Hygiene and was personally acquainted with certain parties involved in the proceeding. The designation of the hearing officer was properly made in accordance with subdivision 2 of section 75 of the Civil Service Law, and there is no indication that he "was possessed with any vital information concerning the charges against petitioner that would require him to disqualify himself" (*Matter of O'Neil v De Santis*, 40 AD2d 924). We find, however, that petitioner was not accorded a fair hearing and that respondent's determination was tainted, in that, admittedly, there was contact by communication between the hearing officer and the individual prosecuting the charges against petitioner which occurred after the hearing was concluded and prior to making the determination under review. Moreover, it appears that the posthearing communications included discussions concerning evidence which had been adduced at the hearing and also related to certain additional information or evidence sought by the hearing officer on a disputed issue. While compliance with strict evidentiary standards is not required in an administrative hearing, it is clearly improper "for an administrative agency to base a decision of an adjudicatory nature, where there is a right to a hearing, upon evidence or information outside the record [citations omitted]" (*Matter of Simpson v Wolansky*, 38 NY2d 391, 396; *Matter of Thompson v Lent*, 53 AD2d 721, 724). The evil lies in the fact that petitioner was not afforded an opportunity to explain or refute any of the information furnished to the hearing officer after the conclusion of the hearing, in violation of the very concept of a trial. This is true regardless of respondent's attempts to minimize the effect such communications may have had on his finding of guilt or on the penalty imposed (*Matter of Cianelli v Department of State*, 16 AD2d 352). We conclude, therefore, that this matter should be remitted to respondent for a new determination based solely upon matters in the record (*Matter of Simpson v Wolansky, supra*). In view of our conclusion, we need not consider petition-

er's other contention. Determination annulled, with costs, and matter remitted for further proceedings, before a different hearing officer, not inconsistent herewith. Koreman, P. J., Greenblott, Kane, Mahoney and Larkin, JJ., concur.