■ In the Matter of RICHARD T. THOMPSON, Appellant, v RICHARD W. LENT et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered January 10, 1977 in Ulster County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, for an order annulling respondents' determination dismissing him from the New Paltz Police Department, effective July 2, 1975, and requiring respondents to conduct a new hearing on the question of penalty and back pay. Petitioner was discharged as a police officer after the board of police commissioners found him guilty of a number of charges arising from an incident that began in a Village of New Paltz bar on the night of March 26, 1975, and ended in the stabbing of the petitioner and the shooting death of one Van Horn. On review this court sustained five of the nine charges *(Matter of Thompson v Lent,* 53 AD2d 721). However, we remitted the matter to the board for reconsideration of the penalty imposed since the record indicated that the board had considered petitioner's previous employment record in reaching its conclusion although it was never entered into evidence. Petitioner now contends that several errors were committed by the board when it reconsidered the question of the penalty. There is no merit in his contention that he was improperly denied a rehearing on the subject of penalty. When some, but not all, charges are dismissed by the reviewing court, it is proper to remit the matter to the board for reconsideration of the punishment since the reviewing court cannot divine what penalty would have been imposed had the board considered only substantiated charges *(Matter of Haywood v Craig Colony,* 5 AD2d 958). We did not direct a new hearing, but instead directed the board to reconsider the penalty to be imposed upon the evidence in the case (see *Matter of Phinn v Kross,* 26 Misc 2d 889, affd 15 AD2d 641). Petitioner accrued no right to present further evidence. Nor is there any merit in petitioner's contention that a retroactive penalty of dismissal was imposed. The petitioner was dismissed as of the date of the determination of guilt. Since the determination of guilt as to five of the preferred charges was not disturbed, penalties were properly imposed from that date; thus, *Matter of Yannantuono v Silverstein* (8 AD2d 725), cited by petitioner, does not apply. Petitioner also contends that he is entitled to back pay for the period commencing 30 days after his suspension without pay until such time as he is lawfully terminated from his position. We are unable to entertain this argument since petitioner failed to challenge the denial of retroactive payments in his original petition to Supreme Court. He has waived all objections except those raised by the board's action upon remittitur. Finally, we find no merit in petitioner's contention that the punishments imposed on himself and the officer with whom he was involved were disparate. The board was well aware of, and the record reflects,

differences in circumstances which distinguish the two officers' cases. We note further that in our previous decision we recognized the seriousness of the charges and held that the punishment of discharge as determined by the board was rational and was not an abuse of the board's discretion *(Matter of Thompson v Lent, supra,* p 723). Judgment affirmed, without costs. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.