■  In the Matter of LELAND HIGGINS, Petitioner, v CITY OF ONEONTA, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Otsego County) to review a determination of respondent, which dismissed petitioner from his position as a police sergeant with the Oneonta Police Department. Pursuant to section 75 of the Civil Service Law, disciplinary proceedings were instituted against petitioner, a police sergeant employed by respondent, charging him with 13 violations of respondent's police code. Following a hearing, respondent adopted the findings of fact of the hearing officer's recommendation and found petitioner guilty of seven charges and dismissed him from the police force. Petitioner was found guilty of physically abusing a person whom he had arrested; physically and verbally abusing a woman with whom he was having an affair; drinking intoxicating beverages while on duty and in uniform on August 31, 1975; being intoxicated while on duty and in uniform on August 31, 1975; drinking intoxicating beverages in the police department and the municipal building while on duty as a plainclothesman on or about July 28, 1976; sleeping while on duty on August 31, 1975; and leaving the scene of an accident in violation of subdivision 1 of section 600 of the Vehicle and Traffic Law. Petitioner contends that the evidence against him was contrived, unbelievable and incredible, and that the findings of fact of the hearing officer were contrary to the testimony. We find these contentions unpersuasive, and conclude that the record contains substantial evidence to support respondent's determination. The testimony adduced at the disciplinary hearing raised credibility questions which respondent could properly resolve against petitioner. Further, despite petitioner's vigorous attempts to discredit the witnesses against him, there was sufficient corroborating evidence to support the findings of fact. Lastly, we cannot say that the penalty of dismissal is shocking or disproportionate to the charges which petitioner was found guilty of *(Matter of Pell v Board of Educ.*, 34 NY2d 222). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.