In the Matter of GENE E. KLEINSMITH, Petitioner, v WILLIAM G. CONNELIE, as Superintendent of the Division of New York State Police, et al., Respondents.

Third Department, June 7, 1979

### APPEARANCES OF COUNSEL

*Hinman, Straub, Pigors & Manning (Peter L. Rupert* of counsel), for petitioner.

*Robert Abrams, Attorney-General (James E. Morgan, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for respondents.

### OPINION OF THE COURT

HERLIHY, J.

Disciplinary actions were instituted against petitioner, a

police officer with the New York State Police, charging him with several violations of the respondents' police code. Following a hearing, respondent adopted the findings of fact and recommendations of the hearing officer and dismissed the petitioner from the force.

On December 15, 1977 the petitioner was charged by the policemen with seven separate violations of the Vehicle and Traffic Law. At the hearing held herein there was ample evidence that the petitioner on December 15, 1977 attempted to invoke his status as a New York State Policeman to provide a benefit for a friend and it is undisputed that he did in fact commit the various traffic violations.

At the very most there were issues of credibility for the trier of the facts in this case (Matter of Higgins v City of Oneonta, 67 AD2d 1036). We reject the contention of the petitioner that there were errors as to the admission of evidence or in regard to the explicit finding that his testimony was not credible which were prejudicial to him. The record contains substantial evidence supporting the finding that the petitioner was guilty of the charges preferred against him.

The petitioner additionally contends that the penalty of discharge was harsh and excessive; however, in view of the findings as to his credibility and the nature of his misconduct, the penalty is not arbitrary or "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness." (Matter of Pell v Board of Educ., 34 NY2d 222, 233.)

There is little excuse for a police officer behaving the way the petitioner did in the present circumstances. Even if his version of the circumstances was credible, the respondent was not bound by such testimony.

While the penalty is severe, it is not, under the circumstances, so unreasonable as to require our intervention. If there were any doubt from the record as to the facts or the penalty, we would remit, but here there is none. The charges were such that regardless of his prior record, the Superintendent of the State Police was justified in dismissing the petitioner.

The cases of Matter of Simpson v Wolansky (38 NY2d 391) and Matter of Thompson v Lent (53 AD2d 721) are not controlling and do not require remittal solely because the prior employment record is not a part of the record herein. In

those cases there were errors related to the merits of the charges which were corrected by the courts. The purpose for sending back the *Thompson* action is best explained in the later decision following remittal for reconsideration of the penalty (59 AD2d 636) where this court stated: "When some, but not all, charges are dismissed by the reviewing court, it is proper to remit the matter to the board for reconsideration of the punishment since the reviewing court cannot divine what penalty would have been imposed had the board considered only substantiated charges *(Matter of Haywood v Craig Colony,* 5 AD2d 958)."

In the present proceeding, there is a further salient reason for our decision. The hearing board made specific findings of fact and conclusions and based solely thereon recommended: "[T]he violations committed by Trooper Gene E. Kleinsmith were in the extreme and the Board recommends that Trooper Gene E. Kleinsmith be dismissed from the Division of State Police."

Thereafter, the Superintendent of the State Police made an independent appraisal of the charges and specifications and the findings of fact and conclusions of the hearing board and determined that the evidence supported the charges. When considering the issue of penalty, the superintendent stated: "I have also considered the evidence in the Hearing of prior Charges against you upon which you were found guilty and for which you were suspended for twenty-five (25) working days" and further stated: "I have reviewed your record of service in the Division of State Police."

It is not a fantasy to suggest that had the petitioner's prior record been different, the superintendent might not have accepted the recommendations of the hearing panel. Certainly, in such circumstances there can be no prejudice to the petitioner and it would be an effort in futility to remit for the purpose of having the superintendent reconsider the penalty.

The determination should be confirmed, and the petition dismissed, without costs.

MAHONEY, P. J., SWEENEY, KANE and STALEY, JR., JJ., concur.

Determination confirmed, and petition dismissed, without costs.