In the Matter of VELL AVERY, Petitioner, v EMANUEL RE-CHTER, as Director of the Wilton Developmental Center of the Department of Mental Hygiene of the State of New York, Respondent.

Third Department, December 27, 1979

### APPEARANCES OF COUNSEL

*Tabner, Carlson, Daffner & Farrell (C. Theodore Carlson* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Lew A. Millenbach* and *Shirley Adelson Siegel* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner was employed as Associate Personnel Administrator, grade 23, by the Wilton Developmental Center. On October 8, 1975, charges of misconduct and incompetence were served on petitioner by respondent Dr. Emanuel Rechter, as Director of the Wilton Developmental Center. Following hearings upon the charges, petitioner was found guilty of several specifications and was demoted to the position of Personnel Administrator, grade 18. We annulled the determination and remitted the matter for further proceedings before a different hearing officer, holding that petitioner was not accorded a fair hearing since there was communication between the hearing officer and the individual prosecuting the charges against petitioner which occurred after the hearing was concluded and prior to making the determination under review *(Matter of Avery v Rechter,* 56 AD2d 963).

Thereafter, by letter dated April 6, 1977, respondent appointed a new hearing officer, and a second hearing on the charges was held on October 25, 26 and 27, 1977. Petitioner was found guilty of 5 of 10 specifications and the hearing officer recommended his dismissal from State service.

Petitioner was found guilty of the following specifications: (1) failure to provide his supervisor with a written summary of significant personnel transactions prior to going on vacation; (2) failure to personally meet with his supervisor prior to going on vacation; (3) failure to follow a direct order and

policy set by his supervisor in simultaneously scheduling vacation leave for his immediate assistant and himself; (4) failure to properly contact his supervisor to notify him of his absence for the period September 22 through September 30, 1975; and (5) failure to distribute a notice to all supervisors concerning the work performance rating program for 1974.

■ Petitioner contends that the evidence adduced at this hearing was insufficient to support the determinations of guilt. We find the testimony to be uncontradicted that petitioner was guilty of the charges and specifications as found by respondent. The record contains documented and substantial evidence supportive of the agency's decision *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). In addition, the scope of judicial review of such determinations is limited and courts may intervene only when the determination is erroneous as a matter of law *(Matter of Liberman v Gallman,* 41 NY2d 774).

■ Petitioner further contends that he was denied the benefit of due process of law. We agree.

Petitioner was found guilty of the same charges following both the first and second hearings.* While the first hearing officer recommended that petitioner be demoted from a grade 23 to a grade 18, the second hearing officer recommended that petitioner be dismissed from his position. Neither the second hearing officer in recommending dismissal, nor the respondent in adopting the recommendation, gave any reasons for the harsher penalty. Petitioner in his brief suggests that the increased punishment was imposed in retaliation for successfully pursuing his right to appeal respondent's initial determination.

The United States Supreme Court has considered the chilling effect which fear of increased punishment might have on the exercise of a criminal defendant's right to appeal. Because "imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy would be * * * a violation of due process of law", it

---

* Specifications one, two, four and five were identical to those on which petitioner was found guilty after the first hearing. The third specification (failure to obey his supervisor's order not to schedule simultaneous vacations for key personnel) differed from the third specification at the first hearing (failure to obey a direct order to contact his supervisor while on vacation). Although the particulars of this specification were different, the charge involved was the same: failure to obey a direct order of a supervisor.

was held that an increased sentence could not be imposed upon retrial unless the sentencing Judge placed certain specified findings on the record *(North Carolina v Pearce,* 395 US 711, 724). While the due process clause is not offended by all possibilities of increased punishment upon retrial after appeal *(Chaffin v Stynchcombe,* 412 US 17; *Colten v Kentucky,* 407 US 104), defendants are entitled to be freed of the apprehension that sentencing Judges will be motivated by retaliation *(North Carolina v Pearce,* 395 US 711, 725, *supra).* Thus, in determining the constitutionality of a system which exposes a defendant to increased punishment, the relevant question to be answered is not whether actual retaliatory motivation exists, but whether the system poses a realistic likelihood of vindictiveness *(Blackledge v Perry,* 417 US 21, 27).

Although the cited cases dealing with retaliatory motivation have all been criminal in nature, the theory should apply to all interests protected by the due process clause. Since the retention of public employment is a property interest entitled to due process protection *(Arnett v Kennedy,* 416 US 134), the same principles which insure that a criminal defendant will not be unconstitutionally deterred in exercising his right to appeal should be afforded to petitioner in this administrative proceeding (see *Sheehan Co. v Occupational Safety & Health Review Comm.,* 520 F2d 1036, cert den 424 US 965).

Remarks made by the second hearing officer prior to the hearing conducted on October 25, 1977 indicate that he was aware of the first hearing and this court's decision to remit the matter for determination before a different hearing officer. This awareness, coupled with the fact that the person ultimately charged with imposing petitioner's punishment after each hearing was the respondent, leads us to conclude that a realistic likelihood of vindictiveness existed. Absent any reason advanced by either the second hearing officer or respondent to justify the harsher penalty imposed after remittal, the punishment of dismissal administered following the second hearing unconstitutionally deprived petitioner of due process of law.

The determination should be modified by reducing the penalty to a demotion from grade 23 to grade 18, and the petitioner reinstated with back pay at grade 18 from March 8, 1978, less the amount of compensation which he may have earned in any other employment or occupation and any

unemployment insurance benefits he may have received, and, as so modified, confirmed, with costs.

MAHONEY, P. J., GREENBLOTT, SWEENEY and STALEY, JR., JJ., concur; KANE, J., concurs in the result only.

Determination modified by reducing the penalty to a demotion from grade 23 to grade 18, and petitioner reinstated with back pay at grade 18 from March 8, 1978, less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received, and, as so modified, confirmed, with costs.