■ In the Matter of VERA HIRSCH, Petitioner, v ROBERT L. YEAGER, as Director of Health and Hospitals, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Director of Health and Hospitals of Rockland County, dated March 22, 1979 and made after a statutory hearing, which modified the findings of fact and recommendations of the hearing officer and demoted petitioner. Petition granted to the extent that the determination is modified, on the law, by deleting therefrom the provisions sustaining Specifications B and J of Charge No. 1, and the penalty imposed. As so modified, determination confirmed, proceeding otherwise dismissed on the merits, without costs or disbursements, and matter remanded to the Director of Health and Hospitals of Rockland County for reconsideration of the punishment to be imposed in light of our determination herein. A review of the record demonstrates that the determination of the respondent Director of Health and Hospitals of Rockland County (county director) is supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176) except for Specifications B and J of Charge No. 1. There is no rational basis in the record for the findings of fact supporting the agency's determination with respect to Specifications B and J (cf. *300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra,* p 182). Petitioner cannot be held responsible for clerical errors which occurred due to circumstances beyond her control and of which no fault can be assessed to her. Under the circumstances, it is necessary to remit the matter to the county director for reconsideration of the punishment to be imposed upon the petitioner. We cannot divine whether the county director would have imposed the same or some lesser penalty had he considered only the substantiated charges (see *Matter of Kleinsmith v Connelie,* 68 AD2d 271; *Matter of Thompson v Lent,* 59 AD2d 636). We have considered petitioner's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.