■ In the Matter of STEPHEN A. SPETALIERI, Petitioner, v DONALD E. QUICK et al., Constituting the Board of Police Commissioners of the City of Kingston, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to

this court by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of the Board of Police Commissioners of the City of Kingston which dismissed petitioner from his position with the Kingston Police Department. Petitioner was charged with a violation of the police department's rules of conduct in that it was alleged that he broke a neighbor's windows by hurling two objects through them by use of a slingshot. Petitioner was found guilty as charged and was dismissed from his employment on April 2, 1981. A proceeding pursuant to CPLR article 78 was commenced by petitioner on April 28, 1981. By stipulation of the parties, petitioner served a supplemental petition dated June 17, 1982, alleging that respondent board's determination was based, in part, upon unsubstantiated charges which were not a part of the disciplinary hearing. The city's Mayor, an ex officio member of the board, and the hearing officer for this case, disclosed at a press conference in October, 1981 that the board had considered complaints lodged against petitioner in the past, the accuracy of which had not been resolved by way of any disciplinary hearing, in their determination in the instant matter. On appeal, petitioner contends that he was deprived of a fair hearing because the board improperly considered information outside the record in making its determination. Petitioner contends, as well, that he was improperly foreclosed from impeaching a witness' credibility at the hearing. Based on this record, we conclude that this matter must be remitted to the board for a new determination. The transcript of the press conference indicates that the board considered unsubstantiated complaints against petitioner which were outside of the record in its decision. It is not clear whether the other complaints were considered in deciding petitioner's guilt on the instant charges or were considered for the purpose of determining punishment. In any event, it is improper for an administrative agency to base a decision of an adjudicatory nature upon evidence or information outside the record (*Matter of Avery v Rechter*, 56 AD2d 963). We note, too, that the board failed to make any findings of fact. This we deem essential in order to permit an intelligent challenge by the party aggrieved and to allow for adequate judicial review following the determination (*Matter of Simpson v Wolansky*, 38 NY2d 391). Finally, we agree that petitioner's right to a fair hearing was compromised when the hearing officer failed to permit petitioner's counsel to impeach the credibility of witness King on cross-examination. The testimony of this witness was crucial to linking petitioner to the breaking of the windows. Her credibility was thus of the utmost importance. The stated purpose of the inquiry regarding the arrest of the witness' son by petitioner was to show her bias or hostility toward petitioner. To foreclose petitioner's right to cross-examination under these circumstances amounts to a deprivation of the right to a fair hearing (see *Matter of Simpson v Wolansky, supra;* 2 NY Jur 2d, Administrative Law, § 136, pp 212-214). Determination annulled, without costs, and matter remitted to the Board of Police Commissioners of the City of Kingston for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.