■ In the Matter of KEVIN D. BIGELOW, Appellant, v BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF GOUVERNEUR, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Walsh, Jr., J.), entered May 4, 1983 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination dismissing petitioner from service as a police officer of the Village of Gouverneur. Petitioner was a police officer for the Village of Gouverneur when a disciplinary action charging him with five violations of the disciplinary rules of the police department was commenced. Four of the charges involved misconduct arising from a sexual relationship petitioner allegedly was having with a 15-year-old girl and the fifth charge alleged that petitioner committed the crime of issuing a bad check. After a hearing, the hearing officer made findings of fact which concluded that petitioner be found not guilty of the four charges alleging sexual misconduct with the girl, but be found guilty of the fifth charge involving the bad check. The hearing officer further recommended that petitioner be suspended for 30 days without pay, noting that the record was silent as to petitioner's employment record. Respondent adopted the findings of fact of the hearing officer but, after reviewing petitioner's record of employment, dismissed petitioner from service on the police force. Petitioner thereafter commenced this CPLR article 78 proceeding to annul respondent's determination dismissing petitioner from service as a police officer. Special Term dismissed the petition and petitioner now appeals. Petitioner does not dispute that the findings of fact of the hearing officer, adopted by respondent, are supported by substantial evidence. Thus, the sole issue for our determination is whether the penalty of dismissal imposed for petitioner's having issued a bad check in violation of the police department's disciplinary rules was improper. It appears that respondent utilized petitioner's employment record in determining the penalty to be imposed, although petitioner's employment record was not introduced at the hearing and petitioner had no opportunity to respond to the contents of his employment record. It is not settled that although "it is not inappropriate to consider prior disciplinary infractions in the imposition of sanctions, 'it is not proper for an administrative agency to base a decision of an adjudicatory nature, when there is a right to a hearing, upon evidence or information outside the record' " (*Matter of Farrell v Dowling*, 90 AD2d 849, app dsmd 58 NY2d 1113, quoting *Matter of Simpson v Wolansky*, 38 NY2d 391, 396; see, also, *Matter of Spetalieri v Quick*, 96 AD2d 611, 612). We conclude, nonetheless, that affirmance is required. The conduct underlying the charge upon which petitioner was found guilty, issuing a bad check, indicates moral turpitude because the record reveals that petitioner obtained property when he issued the bad check (see *Matter of Alfieri v Murphy*, 38 NY2d 976, 977). Thus, petitioner's conduct tends to have a destructive impact on the confidence the public must have in its police force (*id.*). Although dismissal is a harsh penalty, we cannot say that, under the circumstances, it is so disproportionate to the violation as to shock one's conscience (*id.*). Because the penalty imposed was appropriate for the violation considering the facts in

the hearing record and regardless of petitioner's prior employment record, remittal for reconsideration of the penalty would serve no purpose and is unnecessary (see *Matter of Kleinsmith v Connelie,* 68 AD2d 271, 272-273). Our discussion in *Matter of Kleinsmith v Connelie (id.)* about why remittal was unnecessary and why *Matter of Simpson v Wolansky* (38 NY2d 391, *supra*) and *Matter of Thompson v Lent* (53 AD2d 721) were not controlling is equally relevant herein. Accordingly, Special Term correctly dismissed the petition. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.