■ PAUL J. COWLEY & ASSOCIATES, INC., Respondent, v COMTAX, INC., DEFENDANT, AND ANTHONY C. BRBETTA, Als° Known as TONY BARBETTA, Appellant. — Order unanimously affirmed, without costs. Memorandum: The complaint alleges that defendant Barbetta promised that he would be personally liable for the debts of the corporation. This promise, if found to be false when made, could justify piercing the corporate veil (*Lowendahl v Baltimore & Ohio R. R. Co.,* 247 App Div 144, affd 272 NY 360). Such conduct could also support a cause of action for deceit (*Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403; *Ochs v Woods,* 221 NY 335, 338). The lack of any writing by which Barbetta promised to be liable for the debts of another, although barring a contract action (General Obligations Law, § 5-701, subd a, par 2) is not a bar to maintenance of an action founded in tort (*Channel Master Corp. v Aluminium Ltd. Sales, supra,* p 408). (Appeal from order of Supreme Court, Onondaga County, Stone, J. — summary judgment.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ In the Matter of DONALD DOINO, Respondent, v GILLMAN J. LAEHY, as General Manager of the Buffalo Sewer Authority, et al., Appellants. — Judgment unanimously reversed, without costs, determination confirmed and petition dismissed. Memorandum: Judicial review of a penalty imposed by an administrative agency is limited to determining whether the punishment is " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness".' [citations omitted]" (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). In view of the serious nature of petitioner's misconduct, the penalty of dismissal cannot be said to be shocking to one's sense of fairness. (Appeal from judgment of Supreme Court, Erie County, Francis, J. — art 78.) Present — Hancock, Jr., J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.