In the Matter of ROBERT J. SCHEMBECK, Petitioner, v VILLAGE BOARD OF VILLAGE OF DOLGEVILLE, Respondent.

We conclude that the determination was based on substantial evidence in the record. Discrepancies between two reports prepared by petitioner describing the accident, as well as testimony that no evidence was found supporting petitioner's account of the accident, raised the issue of petitioner's credibility. The hearing officer found petitioner's version of the accident to be incredible. Since the hearing officer has the opportunity to observe the demeanor and conduct of the witnesses, his findings should be accorded considerable weight (*Matter of Simpson v Wolansky,* 38 NY2d 391, 394).

We also conclude that the punishment imposed was not " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Doino v*

*Laehy,* 100 AD2d 744, *affd* 63 NY2d 663). In addition to weighing the penalty against the nature and consequences of the offense, the protection of public interests must be considered (*see, Matter of Darling v Hastings,* 64 AD2d 857). Inasmuch as the misconduct involved the falsification of an accident report and false statements to the Village Board, actions "which could tend to destroy the public's confidence in [petitioner's] integrity and honesty as a police officer" (*Madry v Veteran,* 70 AD2d 930, 931, *lv denied* 48 NY2d 606; *see also, Matter of Bigelow v Board of Trustees,* 98 AD2d 933, *lv granted* 62 NY2d 603), the sanction imposed was justified. (Article 78 proceeding transferred by order of Supreme Court, Herkimer County, Aloi, J.) Present — Hancock, Jr., J. P., Doerr, Boomer, Green and O'Donnell, JJ.