■ In the Matter of LESLEY B. COHEN, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to annul a determination of respondent Commissioner of Education which, *inter alia,* suspended petitioner's license as a chiropractor for six months.

Petitioner is a chiropractor licensed to practice by the State Education Department. In February 1982, the Department charged petitioner with 15 specifications of professional misconduct. The charges, all of which alleged that petitioner had advertised or solicited business "not in the public interest" (8 NYCRR 29.1 [b] [12] [i]), were based on petitioner's publication and circulation of a letter and of a newspaper entitled "Health Facts" and from her advertisement in the yellow pages of a telephone directory. While petitioner denied the charges, she admitted circulation of the letter and newspaper.

On October 20, 1983, a hearing on the charges was commenced before the Department's State Board for Chiropractic's Office for Professional Discipline. Only one witness testified at the hearing. He was the person who had investigated the charges against petitioner for the Department. On April 23, 1984, the hearing panel issued its report, which found petitioner guilty of 14 of the 15 charges levied against her. Only the charge as to petitioner's advertisement in the yellow pages was not sustained. The hearing panel recommended that petitioner's license be suspended for six months and that she be fined $2,000. The Regents Review Committee recommended that respondent Board of Regents accept the panel's findings and determination. On October 2, 1984, respondent Commissioner of Education accepted the panel's findings, determinations and recommendations. Petitioner initiated this CPLR article 78 proceeding in this court to review the Commissioner's determination.

We refrain from a discussion of petitioner's contentions that the Department's regulation governing advertising and soliciting is unconstitutional and that procedural irregularities at

the hearing require annulment of the Commissioner's determination because, in our view, there is no rational basis for the challenged determination. Here, respondents acknowledge that the only possible basis to support the Commissioner's decision is to be found in petitioner's admission that she had circulated the letter and newspaper, which the individual panel members, as experts, concluded was material that constituted advertising or soliciting "not in the public interest". Indeed, respondents, stated that "[a]ll the evidence upon which the respondents rely is set forth in those exhibits [the letter and newspaper]". Clearly, it is respondents' position that the mere submission into evidence of the letter and newspaper is substantial evidence because the hearing panel was expertly qualified to determine whether these documents violated the Department's regulation. We disagree.

As noted earlier, only one witness testified. He did not and was not qualified to give testimony as to whether statements in petitioner's publications were medically false or inaccurate. He was merely the conduit through whom the publications were received into evidence. When the panel concluded, on the bare record, that petitioner violated the Department's regulation after employing their individual expertise to analyze the publication, they denied petitioner her right to an adjudicatory hearing (see, *Matter of Simpson v Wolansky,* 38 NY2d 391, 396). While the hearing panel could properly use its expertise to analyze and interpret evidence before it, it could not use such expertise to substitute for evidence. Petitioner was deprived of any opportunity to confront and cross-examine witnesses. Next, the hearing panel failed to make any findings of fact. This we deem essential in order to permit an intelligent challenge by the party aggrieved and to allow for adequate judicial review following the determination (see, *Matter of Spetalieri v Quick,* 96 AD2d 611, 612).

Finally, in relying on their expertise to analyze petitioner's publication without the benefit of any expert testimony, the members of the panel were essentially relying on material outside the record. Under State Administrative Procedure Act § 306 (4), "[w]hen official notice is taken of a material fact not appearing in the evidence in the record and of which judicial notice could not be taken, every party shall be given notice thereof". Here, no such notice was given. Accordingly, there is no rational basis in the record to confirm the Commissioner's determination.

Determination annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent here-

with. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.