■ In the Matter of RONALD G. WILLIAMS, Appellant, v EUGENE T. DOOLEY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Sheriff of Suffolk County, dated November 5, 1986, which, after a hearing, terminated the petitioner's employment as a Suffolk County correction officer, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Fierro, J.), dated June 9, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, who was employed as a correction officer

starting in 1978, does not challenge the findings of misconduct premised upon his actions when Suffolk County police officers responded to a "domestic dispute". Nor does he challenge the finding that he "knowingly and willingly" entered false and inaccurate information in an official record of the Suffolk County Sheriff's Department during the subsequent investigation of that incident. The petitioner's sole contention is that dismissal is too harsh a penalty. However, this was not the first time that disciplinary charges had been brought and sustained against the petitioner (see, e.g., Matter of Keogh v Dolce, 84 AD2d 579) and his past and present offenses manifest an unwillingness or inability to adapt to the discipline required of a law enforcement officer, both on and off duty (see, Matter of Schembeck v Village Bd., 110 AD2d 1047; cf., Matter of Fox v Finnerty, 62 NY2d 796; Matter of Bal v Murphy, 43 NY2d 762). In light of all the circumstances, we cannot say that the punishment was so disproportionate to the offense as to shock one's sense of fairness (see, Matter of Williams v Police Dept., 50 NY2d 956; Matter of Pell v Board of Educ., 34 NY2d 222). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.