OPINION OF THE COURT John M. Hunt, J. Procedural History On June 24, 2015, Simone W. (hereinafter petitioner) filed a family offense petition against her sister, Deborah W. (hereinafter respondent). In her petition, she alleged that the respondent engaged in a course of conduct which included repeated threats towards her, her six year old daughter, and her elderly mother. On October 22, 2015, the respondent failed to appear, and the matter proceeded to inquest. On that same date, the Honorable Dennis J. Lebwohl issued a two year stay away final order of protection on behalf of the petitioner. By motion, the respondent sought to vacate the default entered against her. On November 17, 2015, Judge Lebwohl denied the respondent’s motion to vacate, finding that the “Respondent’s mere assertion that the charges against her [were] fabrications [was] insufficient to rise to the level of a meritorious defense.” The respondent appealed Judge Lebwohl’s denial of her motion to vacate. On March 15, 2017, the Appellate Division, Second Department, reversed Judge Lebwohl’s denial, and remitted the matter to Queens County Family Court for further proceedings. The Second Department found that the respondent’s tardiness to the hearing “might have been due, at least in part, to crowded conditions at the [Queens County Family Court] courthouse” (148 AD3d 917, 918 [2017]) and that she had demonstrated a potentially meritorious defense to the petition. On March 27, 2017, the matter was restored to the Queens County Family Court calendar. On May 8, 2017, both parties and their counsel were present, and another family court judge issued a temporary order of protection. The matter was adjourned to July 19, 2017. On July 19, 2017, the respondent failed to appear, but her attorney was present. The respondent’s attorney informed that same family court judge that the respondent was having health issues, and the respondent was directed to submit medical documentation to establish her inability to appear that day. The matter was set down for a hearing on October 5, 2017, and was thereafter transferred to this court. On October 5, 2017, the respondent again failed to appear. The respondent provided no prior notice of this absence, nor did she supply any documentation to explain her previous absence. Instead, her attorney made an oral application for an adjournment based on a claim, communicated to him by text, that the respondent was again unavailable due to health reasons. Since the explanation for her absence on October 5th was similar to the as yet undocumented excuse for her absence on July 19th, the matter proceeded to an immediate inquest. At that inquest, the petitioner established that the respondent engaged in a course of conduct with intent to harass her and a finding was made that the respondent had committed the family offense of harassment in the second degree.[1] (See Rosenstock v Rosenstock, 149 AD3d 887 [2d Dept 2017] [affirming trial court’s course of conduct harassment in the second degree finding]; see also Matter of Acevedo v Acevedo, 145 AD3d 773, 774 [2d Dept 2016] [upholding family court’s harassment in the second degree finding; respondent repeatedly called petitioner, yelled at her and demanded money even though petitioner told him to stop]; Matter of Frimer v Frimer, 143 AD3d 895, 896 [2d Dept 2016] [affirmed where respondent consistently threatened to call the police and make false accusations against petitioner, shoved petitioner, and threw his personal belongings].) Regarding disposition, the petitioner’s attorney requested that the court enter a two year final stay away order of protection. The court reserved decision on disposition and adjourned the matter to October 18, 2017. The court’s decision follows: Discussion Family Court Act article 8 establishes a civil proceeding to protect persons within intimate relationships from violence. Specifically, with regard to families in crisis, family offense proceedings were designed for the “purpose of attempting to stop the violence, end the family disruption and obtain protection.” (Family Ct Act § 812 [2] [b].) To further that goal, a family court judge may issue an order of protection (see Family Ct Act §§ 841 [d]; 842), which must state an expiration date. (See Family Ct Act § 154-c.) In that regard, family offense orders of protection may not exceed a period of two years unless there is a finding of aggravating circumstances or a finding that an order of protection was violated. (See Family Ct Act § 842.) A family court judge may also extend an order of protection upon a showing of good cause or consent of the parties. (See id.) Family offense dispositions must be based upon material and relevant evidence. (See Family Ct Act § 834 [“(O)nly material and relevant evidence may be admitted in a dispositional hearing”].) At the conclusion of a family offense dispositional hearing, a judge may, inter alia, enter an order of protection on behalf of a petitioner. (See Family Ct Act § 841 [d].) In New York, due process prohibits a court from penalizing a party who exercised their right to appeal. (See People v Van Pelt, 76 NY2d 156 [1990]; see also People v Gonzalez, 262 AD2d 37, 38 [1st Dept 1999].) New York has adopted the federal presumption of institutional vindictiveness, which dictates that a judge may not impose a harsher sentence after a successful appeal, whether or not there is a retrial. (See People v Van Pelt, 76 NY2d 156 [1990].) The presumption may only be overcome where there is objective proof of conduct or events, which surfaced after the imposition of the original disposition, and which require an increased penalty. (See id.; see also People v Miller, 103 AD2d 808, 809-810 [2d Dept 1984] [finding after appeal, greater sentence not based upon vindictiveness, but rather defendant’s own choice to forgo plea bargain which reduced his sentence]; compare People v Jenkins, 38 AD3d 566, 567-568 [2d Dept 2007] [after vacatur upon habeas corpus review, court erred in enhancing sentence where no objective information sufficient to rebut vindictiveness presumption].) Where a disposition after appeal will be more severe than the initial disposition, the reasons for the increased penalty must be set forth by the judge. (See People v Van Pelt, 76 NY2d 156 [1990].) Further, New York affords greater protection to successful appellants, than its federal counterpart, by applying the presumption even where a different judge imposes a disposition. (Id. at 161-163.) The two year final stay away order of protection that Judge Lebwohl issued after the respondent’s first inquest is due to expire on October 21, 2017. After the respondent’s recent inquest, this court made a finding of harassment in the second degree. The petitioner’s attorney requests that, at this juncture, this court enter a new two year final stay away order of protection against the respondent. Such an entry would extend the order of protection for an additional two years beyond the original final order’s end. The parties have had no contact since the issuance of the original final order of protection nor does the petitioner complain of any violations of that order. The respondent has had little, if any, contact with her attorney during that time period. The respondent has had no contact with the family court, even failing to appear at her retrial after prevailing on her appeal. There has been no showing of aggravating circumstances or good cause. There has been no offensive conduct or events subsequent to the initial trial that requires a harsher penalty. The only difference between this trial and the last trial is the respondent’s successful appeal. The court is mindful of the protection of victims from family turmoil and violence. However, in this case, that goal has already been achieved. To enter a new two year final stay away order of protection against the respondent would effectively punish her for having appealed Judge Lebwohl’s denial of her motion to vacate her default. Such an imposition effectively violates the respondent’s due process, especially in light of the fact that she has complied with the parties’ previous final order of protection for the last two years. Due process requires that any sanction imposed by this court not be greater than that imposed originally absent conduct or events which warrant such.[2] Thus, there is no basis in law to justify a new two year final stay away order of protection against the respondent that commences after the original order of protection was due to sunset. Accordingly, the court declines to enter a new final stay away order of protection against the respondent who has already been “punished by the issuance of the 2015 OP [sic] and has been suffering its legal and reputational consequences in effect for [two] year[s].”[3] . See Penal Law § 240.26 (3). . See Matter of Avery v Rechter, 71 AD2d 500, 503 (3d Dept 1979) (applying presumption of vindictiveness to administrative proceeding). . See Matter of Lisa T. v King E.T., 147 AD3d 670, 676 (1st Dept 2017, Gesmer, J., dissenting in part).