■ In the Matter of Darwin Bruce, Petitioner, v New York City Housing Authority et al., Respondents. [909 NYS2d 722]—

Determination of respondent New York City Housing Authority (NYCHA), dated January 21, 2009, which, after a hearing, terminated petitioner's employment, unanimously confirmed, the petition denied, and this proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the

Supreme Court, New York County [Joan A. Madden, J.], entered July 13, 2009), dismissed, without costs.

The finding that petitioner resided in NYCHA housing from November 2006 to January 2008 without authorization was supported by substantial evidence, including documents he himself submitted to NYCHA. Contrary to petitioner's contention, NYCHA did not terminate him for acts for which he was not charged, namely, his lying about his residence. Based on documentary evidence and petitioner's testimony at a prior hearing, NYCHA discredited petitioner's testimony at the latest disciplinary hearing that he had falsely admitted having lived in NYCHA housing during the relevant period. Although the trial officer at the disciplinary hearing implicitly credited petitioner's testimony, the officer's findings are not conclusive and may be overruled by the administrative agency where, as here, the agency's decision is supported by substantial evidence (*see Matter of Simpson v Wolansky*, 38 NY2d 391, 394 [1975]). Petitioner's contention that NYCHA ignored evidence that he was residing in his girlfriend's apartment during the period in question is unavailing. NYCHA considered that evidence and rejected it. There is no basis for disturbing the agency's findings in that regard.

Despite petitioner's length of service and lack of a disciplinary record, the penalty of terminating his employment is not so disproportionate to the offense as to shock one's sense of fairness (*see Matter of Pryce v New York City Hous. Auth.*, 69 AD3d 497 [2010]). We note in particular that petitioner's misconduct prevented the agency from renting to other families on the public housing waiting list during the period of his unauthorized residence.

Petitioner is not entitled to a lesser sanction due to NYCHA's delay in processing his request to take over the apartment lease. Even if petitioner's unauthorized occupancy could be considered less egregious during the pendency of his request, this would not excuse his unauthorized residency in the months before and after his request was submitted and processed. Concur—Tom, J.P., McGuire, Acosta, Renwick and Freedman, JJ.