■ In the Matter of STEPHANIE DEVINS, Petitioner, v TINO HERNANDEZ, as Chairman of the New York City Housing Authority, et al., Respondents. [918 NYS2d 481]—

NYCHA's findings that petitioner improperly used her position and the agency's equipment to access information or to persuade others to disclose information regarding the confidential relocation of her former cotenant who had been designated

a "Victim of Domestic Violence" (VDV), and unlawfully held herself out as a Law Department employee purporting to communicate Law Department orders and directives to others in the agency, is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). The record indicates that petitioner's former cotenant was properly designated a VDV under NYCHA's procedures. In any event, regardless of the propriety of the VDV designation, there was substantial evidence of petitioner's unlawful and unauthorized conduct, including authenticated e-mails, facsimiles, telephone logs, and the testimony of numerous witnesses.

The disciplinary penalty imposed was not so disproportionate to the offense as to shock one's sense of fairness (*see Matter of Featherstone v Franco*, 95 NY2d 550 [2000]; *see also Matter of Bruce v New York City Hous. Auth.*, 78 AD3d 414 [2010]).

We have reviewed petitioner's remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Friedman, Moskowitz and Richter, JJ.