■ In the Matter of FRITZ S. BONAVENTURE, Petitioner, v CESAR A. PERALES, as Secretary of State of the New York Department of State, Respondent. [967 NYS2d 23]—

Determination of respondent, dated March 1, 2012, which reversed the determination of an Administrative Law Judge (ALJ), granting petitioner's application for a security guard license, and denied the application, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Donna M. Mills, J.], entered November 30, 2012), dismissed, without costs.

The record shows that in granting petitioner's application for a security guard license, the ALJ credited petitioner's testimony that his criminal activity was in his past, and that he had the requisite good character, integrity and trustworthiness for such a license. However, the ALJ's findings were not final and were subject to being superceded by respondent where, as here, respondent's decision was supported by substantial evidence (*see* 19 NYCRR 400.2 [k]; *Matter of Simpson v Wolansky*, 38 NY2d 391, 394 [1975]; *Matter of Bruce v New York City Hous. Auth.*, 78 AD3d 414 [1st Dept 2010]).

Respondent's determination to deny petitioner's application is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). Respondent properly considered and weighed the enumerated factors set forth in Correction Law § 753 (1), finding that a "direct relationship" (Correction Law § 752 [1]) existed between petitioner's crimes, which included convictions for assault and larceny, and his employment as a security guard, whose duties consist primarily of the protection of persons and property (*see e.g. Matter of Bonacorsa v Van Lindt*, 71 NY2d 605, 612 [1988]). The crimes committed by petitioner occurred over an extended period of time while he was an adult, with the last crime committed approximately four years before the date of his application. Petitioner also made material misrepresentations on his application, stating that he had never been convicted of any crime, and failing to list his employment history. Concur—Sweeney, J.P., Saxe, Moskowitz, Gische and Clark, JJ.