Matter of Zaveri v Vullo (2019 NY Slip Op 08490)





Matter of Zaveri v Vullo


2019 NY Slip Op 08490


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Richter, J.P., Manzanet-Daniels, Gische, Webber, Kern, JJ.


10403 100526/18

[*1] In re Salil A. Zaveri, Petitioner,
v
Maria T. Vullo, as Superintendent of Financial Services, et al., Respondents.


Audrey Mars, Lynbrook, for petitioner.
Letitia James, Attorney General, New York (Eric Ross Haren of counsel), for respondents.



Determination of respondent New York State Department of Financial Services (DFS), dated December 19, 2017, which found that petitioner had misled DFS by providing materially incorrect and untrue information in license applications, and fined petitioner $4,500, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered August 7, 2018), dismissed, without costs.
DFS's determination that petitioner had provided materially incorrect and untrue information in his 2010 and 2016 license renewal applications, and thereby demonstrated his untrustworthiness, is supported by substantial evidence (see
generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]; Matter of Bonaventure v Perales, 106 AD3d 665 [1st Dept 2013], lv denied 22 NY3d 851 [2013]). After a money judgment was entered against petitioner in 2006 in favor of an insurer, petitioner was asked in license renewal applications whether there were any judgments rendered against him for overdue money by an insurer. Petitioner, who was aware of the prior judgment, informed respondent that there were no such judgments. DFS's determination that petitioner's failure to disclose the judgment in those applications was not merely a mistake is supported by the evidence. The wording of the questions was clear, and petitioner testified as to the specific reasons why he chose not to disclose the judgment in his 2010 and 2016 applications. DFS also wrote to petitioner in 2014 and informed him that it considered petitioner's statements in the 2010 applications, that no judgments had been rendered against him for overdue money by an insurer, to be materially untrue and incorrect, yet petitioner still failed to disclose the judgment in a subsequent 2016 application.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK